UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven J. Lagermeier, | Civil No. 10-4087 (SRN/SER) |
| Plaintiff, | ORDER |
| v. | |
| Boston Scientific Corporation, James R. Tobin, and Milan Kofol, | |
| Defendants | |

_____

Steven Lagermeier, Pro Se, 2316 Rivendell Lane, Minnetonka, Minnesota 55305

Robert L. Schnell, Jr. & Wendy J. Wildung, Faegre & Benson, LLP, 90 South Seventh Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendants

_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Request for Relief to Move for Reconsideration/Motion for Relief from Judgment. (Doc. No. 55.) For the reasons stated below, the Court construes this as a motion for relief from judgment under Fed. R. Civ. P. 60(b), and grants the motion in part, and denies it in part.

I.  BACKGROUND

On July 19, 2011, this Court granted Defendants' Motion to Dismiss, in which it dismissed Plaintiff's claims with prejudice. (Order, Doc. No. 53.) Plaintiff, a long-time

1

shareholder of stock issued by Defendant Boston Scientific Corporation ("Boston Scientific"), had filed suit against Boston Scientific, its former President and CEO from 1999-2000, James R. Tobin, and its Vice-President of Investor Relations from 2002-2006, and current treasurer, Milan Kofol, asserting claims of fraudulent misrepresentation, breach of fiduciary duty by negligent mismanagement, and breach of unilateral contract. As to his claim of fraudulent misrepresentation, Plaintiff alleged that Defendants mismanaged Boston Scientific, causing stock prices to drop, and that Boston Scientific management, including Tobin and Kofol, made false statements or failed to disclose material information, leading Plaintiff to refrain from selling his stock, purchase more Boston Scientific stock, or both.

In the Order, the Court found that Plaintiff's claims of fraudulent misrepresentation failed to meet the stringent pleading requirements of Fed. R. Civ. P. 9(b). (Id. at 9.) In particular, the Court concluded that Lagermeier failed to identify the way in which the alleged statements were false when made, that many of the forward-looking statements did not become false or actionable simply because the anticipated event did not come to pass, and that many of the statements constituted mere puffery or opinion, and were not legally actionable. (Id. at 10-12.) In addition, the Court found that because the essence of Plaintiff's fraud claims was for the injury caused by "holding" stock, i.e., not selling it, he could not maintain an action under federal law and state

common law, which do not recognize a private action for holding securities.[1] (Id. at 13.) Accordingly, Defendants' Motion to Dismiss was granted, and judgment was entered against Lagermeier.

On August 15, 2011, Plaintiff filed a letter request [Doc. No. 55] seeking leave to move for reconsideration or for relief from the Court's July 19, 2011 Order (the "Order") and entry of judgment under Fed. R. Civ. P. 60(b). On that same day, he also filed a notice of appeal with the Eighth Circuit. (See Notice of Appeal [Doc. No. 56].) In his letter request, Plaintiff raises three grounds upon which he seeks reconsideration or relief from the Order. First, he objects to language in Footnote 1 of the Order in which the Court noted that certain letters submitted by Plaintiff following the briefing and oral argument were not properly before the Court, but that the Court would nonetheless consider them. Second, he objects to the assignment of Magistrate Judge Rau to this case, arguing that he is personally biased against Plaintiff. Third, he argues that the Court failed to designate an opinion as "unpublished" in its Order, and that Defendants, who relied upon the same opinion in its memoranda, failed to provide a copy of the opinion, as required by Minn. Stat. 480.08, Subd.3. Finally, he argues that the Court incorrectly applied the substance of that unpublished opinion to the facts alleged in the First Amended Complaint. Specifically, Plaintiff contends that the Court did not consider all

---

[1] The Court also dismissed Plaintiff's claims for breach of fiduciary duty and breach of unilateral contract, but Plaintiff's request for relief does not involve the Court's rulings on those claims. Even if Plaintiff did seek relief as to those claims, he fails to assert any ground consistent with Rule 60 that warrants such relief. The Court therefore confines its discussion to the specific grounds raised in Plaintiff's August 9, 2011 letter.

of Plaintiff's allegations regarding the purchase of securities when it dismissed his fraud claim.

In response to Plaintiff's letter, Defendants first observe that because judgment was entered in this case, Plaintiff's request should be styled as a motion for relief from judgment under Fed. R. Civ. P. 60(b). (Def.'s Letter at 1 [Doc. No. 60].) Defendants argue that Plaintiff has failed to present any "exceptional circumstances" to warrant relief from judgment under Rule 60(b).

Addressing the merits of Plaintiff's arguments, Defendants contend that Plaintiff's first ground of relief is factually baseless, as the Court specifically listed the three docket entries for Lagermeier's letters in the Order and stated that it had reviewed and considered them. As to the second ground for relief, Defendants note that Magistrate Judge Rau played no role in deciding Defendants' Motion to Dismiss, and that despite Plaintiff's knowledge of the facts raised in his letter, he failed to timely move for the magistrate judge's recusal. Regarding the Court's reliance on an unpublished opinion, Defendants argue that the Court's citation of the case demonstrates that the Court knew that it was unpublished. Further, Defendants contend that the status of the opinion as published or unpublished had no effect on the Court's ruling, because the proposition for which the Court cited the case was correct and Plaintiff has cited no authority to the contrary. Defendants also contend that the Court's ruling on the dismissal of Plaintiff's fraud claim was supported by alternative grounds, including that the alleged statements did not form the basis for an actionable misrepresentation claim under Minnesota law

because they were opinion, sales puffery or mere predictions.  Finally, Defendants argue that Plaintiff should not be allowed to amend his complaint to allege instances in which he purchased Boston Scientific shares when the allegations found in the Amended Complaint emphasize Plaintiff's retention of stock.

## II.   DISCUSSION

Plaintiff requests reconsideration or relief from judgment, citing Fed. R. Civ. P. 60(b).  "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment."  Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008); Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011) (while discouraging "self-styled motions to reconsider" not described by any particular federal rule, such filings are typically construed under either Rule 59(e) or 60(b)).  The Eighth Circuit has also observed, "it is sometimes difficult to discern whether a motion to reconsider arises under Rule 59(e) or Rule 60(b). . . .," Ackerland, 633 F.3d at 801, and courts may defer to the rule identified by the party in determining whether Rule 59(e) or Rule 60(b) applies.  See Auto Servs, 537 F.3d at 855.  Because judgment was entered and because Plaintiff identified Rule 60(b),  the Court will apply this rule and construe Plaintiff's request for relief as a motion for relief from judgment under Rule 60(b).

Turning to another preliminary matter, the Court must address its jurisdiction to entertain Plaintiff's request for relief.  Although Plaintiff filed his Notice of Appeal with

5

the Eighth Circuit, he did so after filing his letter seeking relief from this Court, therefore this Court retains jurisdiction to consider the issues raised in Plaintiff's letter. If a party files a notice of appeal after the court enters judgment, but before it disposes of a timely-filed motion brought pursuant to several Rules of Civil Procedure, including Rules 59 and 60, the notice of appeal becomes effective "when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); see also United States v. Ridl, 26 F.3d 73, 75 (8th Cir. 1994) (holding, in a criminal case, the filing of a motion for reconsideration, filed prior to filing of appellate notice of appeal "reinvested" jurisdiction in the district court.) Here, Plaintiff's request for relief from judgment was timely filed, and was filed prior to the filing of his Notice of Appeal, therefore jurisdiction to consider his request remains with this Court.

Pursuant to Fed. R. Civ. P. 60(b), a court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Of the six enumerated grounds for relief available under Rule 60, the issues raised in Plaintiff's letter do not implicate grounds (1)-(5), leaving the catch-all provision in 60(b)(6), which provides for relief from judgment for "any other reason that justifies relief." Despite the broad scope of the language in 60(b)(6), it is available in limited circumstances where the movant has been denied a full and fair opportunity to litigate his claim. Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005). As Defendants note, it cannot be used to "introduce new evidence that could have been adduced during the pendency of the motion at issue" or to "tender new legal theories for the first time." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988), cert. denied, 488 U.S. 820 (1988).

### A. Leave to File Letters

Plaintiff cites to L.R. 7.1(g) in support of his position that he had received the Court's permission to file three letters [Doc. Nos. 44, 47 & 51] that were submitted after the hearing on Defendants' Motion to Dismiss. Local Rule 7.1(g) provides that "[e]xcept with permission of the Court, no memoranda of law will be allowed except as provided in these rules." While Plaintiff sought permission to file letters to the Court, which was granted by this Court's staff, had he wished to present additional substantive legal and factual argument to the Court, he should have simply made a letter request to do so, with a short explanation of why any supplemental briefing was needed. Verbal permission to file a letter to the Court does not constitute Court-ordered approval to file unsolicited

7

legal memoranda.  Had Plaintiff made a letter request for permission to file supplemental briefing, the Court would have considered Plaintiff's request and any response from Defendants as to the need for supplemental briefing.   In the event that Plaintiff's request was granted, the Court would have issued an order scheduling supplemental briefing deadlines for both parties.  Instead, Plaintiff filed three letters containing supplemental, substantive legal argument after the hearing, without permission of the Court.

In its Order, the Court simply acknowledged that although the substantive arguments presented in Plaintiff's letters were not properly before the Court, because of Plaintiff's pro se status and because Defendants had responded on the merits to at least one of the letters, it would nevertheless consider Plaintiff's letters.  (Order at 3, n.1) ("These submissions are not properly before the Court, however, because of Mr. Lagermeier's pro se status, this Court has reviewed and considered both parties' letter submissions, to the extent the information in the letters is consistent with, and does not contradict, allegations in the Amended Complaint.")  Plaintiff's request for relief from judgment based on the consideration of his three letters is a moot argument, as the letters were considered, as the Order expressly states.  Accordingly, relief on this ground is denied.

The Court recognizes that these policies and procedures may be confusing to unrepresented litigants, which is why the Court took note of Plaintiff's pro se status in considering the letters in its ruling, and why, as a general matter, obtaining legal representation in federal litigation is strongly advisable.

### B.     Magistrate Judge Rau

Plaintiff contends that during the course of his search to obtain legal counsel in this matter, he contacted Magistrate Judge Steven Rau, when the magistrate judge was an attorney in private practice.  At that time, Plaintiff alleges that he and Rau had a six-to-seven-minute long telephone conversation in which Plaintiff discussed this case and Rau declined to represent Plaintiff.  Plaintiff interpreted Rau's comments to indicate a negative view of his case, and, in his letter, Plaintiff contends that he was distressed to learn that Magistrate Judge Rau was assigned to this case in January 2011.  Plaintiff surmises that Magistrate Judge Rau's opinions were somehow conveyed to the undersigned during the pendency of Defendants' Motion to Dismiss.  (Letter at 2 [Doc. No. 55].)

This ground for relief is meritless.  First, Magistrate Judge Rau has had no involvement in this case, much less the pending motions addressed in the Order from which Plaintiff seeks relief.  A review of the docket shows no interaction between Magistrate Judge Rau and the parties.  No motions were referred to him, nor did the parties appear before him.  Moreover, the Court can assure Plaintiff that at no time did the undersigned judge and the magistrate judge communicate about the motions addressed in the Order.

Second, if Plaintiff were concerned about the impartiality of Magistrate Judge Rau, he should have timely filed a motion for recusal under 28 U.S.C. § 455 in January, when the case was reassigned to Magistrate Judge Rau.  A party must timely move for recusal

upon discovering the basis for such a motion. Tri-State Fin., LLC v. Lovald, 525 F.3d 649, 653 (8th Cir. 2008), cert. denied, __ U.S. __, 129 S.Ct. 630 (2008) ("Motions for recusal under 28 U.S.C. § 455 will not be considered unless timely made. The timeliness doctrine under § 455 requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." (internal quotations and citation omitted)). Courts have considered a period seven months as too long to be considered timely. Id. at 653-54.

Moreover, a motion for recusal should not serve as the basis for a party to challenge an adverse ruling or an anticipated adverse ruling. In re Kan. Pub. Employees Ret. Sys., 85 F.3d 1353, 1360 (8th Cir. 1996) (stating that § 455 requires "timely action" and that "[m]otions to recuse should not be viewed as . . . additional arrow[s] in the quiver of advocates in the face of [anticipated] adverse rulings."); Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 566 (8th Cir. 1997) (finding a § 455(a) motion for recusal untimely when filed after a district court granted summary judgment), cert. denied, 523 U.S. 1040 (1998).

Here, there is no factual basis supporting this ground for relief because Magistrate Judge Rau has had no involvement with the parties and no involvement with the motions addressed in the Order. Moreover, the use of a motion for relief from judgment as a vehicle by which to seek a judge's recusal is untimely, coming eight months after Magistrate Judge Rau was assigned to the case, and raises an appearance of impropriety, as it directly follows an adverse ruling. Accordingly, because there is no basis supporting

this ground of Plaintiff's requested relief, and because any request for recusal is untimely, relief on this ground is denied.

### C. <u>Loop Corp. v. McIlroy</u> Opinion

#### 1. Unpublished Status

Plaintiff argues that citations made by the Court in its Order and by Defendants in its briefs to <u>Loop Corp. v. McIlroy</u>, No. A04-362, 2004 WL 2221619 (Minn. Ct. App. Oct. 5, 2004), constitute "fundamental and reversible error," because the opinion was unpublished and because Defendants failed to provide copies of the opinion as an exhibit to their memoranda. Plaintiff contends that Defendants referred to the opinion in both their moving brief and reply brief in support of their Motion to Dismiss, and failed to provide a copy of the opinion on both occasions.

While Plaintiff argues that the Court failed to denote the case as "unpublished" in its citation, the Court's citation to the Westlaw database serves to notify the reader that the opinion is unpublished. No additional information is required under the current conventions of legal citation.[2] As to Defendants' failure to provide a copy of the unpublished opinion, it is true that Minn. Stat. § 480A.08, Subd. 3 requires a party citing an unpublished opinion to provide a copy to all other counsel in advance of the hearing for which it is cited. However, the Local Rules of this Court, applicable to federal cases in this District, provide that "[a] party should file and serve a copy of any judicial

---

[2] See <u>The Bluebook: A Uniform System of Citation</u>, 19th ed. (2010), R. B4.1.4.

opinion, order, judgment, or disposition with the brief or other paper in which it is cited, only to the extent that it is not available in a publicly accessible electronic database." L.R. 7.1(i) (emphasis added). While the Westlaw database requires a subscription, the Loop opinion is freely available on the website of the Minnesota State Courts, which is found at http://macsnc.courts.state.mn.us/ctrack/search.[3]

Regardless of these different requirements, the fundamental issue is whether Plaintiff has demonstrated prejudice as a result of not being provided with a copy of this opinion. Other than his disagreement with the Court's application of Loop to his case, Plaintiff has not shown that he was prejudiced by Defendants' citations to the case, nor has he shown that he asked defense counsel for a copy of the decision and was refused. Moreover, he has not shown that the principle for which the Court cited Loop is incorrect. Accordingly, Plaintiff's request for relief, based on these procedural issues concerning the unpublished status of Loop, is denied.

### 2.    Application of Loop to Plaintiff's Fraudulent Representation Allegations

In addition to his procedural argument regarding Loop, Plaintiff argues, as a substantive matter, that Loop is inapplicable to his fraudulent misrepresentation claim, because certain of his allegations relate to the acquisition of stock.

Having closely reviewed the First Amended Complaint and the Court's Order,

---

[3] Using the Google search engine, the case is also freely available on this website: http://law.justia.com/cases/minnesota/court-of-appeals/2004/opa040362-1005.html

although the gravamen of Plaintiff's fraudulent representation claim concerned the retention of stock,[4] Plaintiff has alleged that certain of Defendants' representations led him to purchase stock. (First Amended Compl. ¶¶ 10; 14; 16(a); 16(e);17.) As to the allegations involving the holding of securities, however, Loop is directly applicable, and Plaintiff may not replead or reassert allegations for fraud involving the holding of stock. To the extent that Plaintiff's motion for relief concerns the dismissal of his fraud claims for holding stock, any such request is denied.

While Defendants argue that the Order provided alternative bases on which the Court based its decision for dismissal without prejudice, the Court noted that those other grounds (i.e., fraud must be pled with particularity, and puffery, opinion and forward-looking statements are not actionable), standing alone, would typically result in dismissal without prejudice. (See Order at 12.) Therefore, to the extent that Plaintiff's fraud claim relates to buying stock, Loop is inapplicable. Finding that Plaintiff's allegations regarding the purchase of stock constitute "any other reason that justifies relief," the Court grants Plaintiff's request for post-judgment relief, in part, limited to allegations of fraudulent representation based on the purchase of stock. However, as discussed in the Order, all of Plaintiff's fraud allegations suffer from the same infirmity, which is that they

---

[4] Plaintiff's fraud allegations in which he pleads the element of intent refer solely to the retention of shares: "That Defendants intended their *prodigious pattern* and unbroken chain of representations to induce Plaintiff to act or be justified in acting upon it, such as to postpone or to hold off from any sale of BSC shares owned by Plaintiff" and "That the representations made by Defendants justifiably induced Plaintiff to refrain to act on it and refrain from any sale or transfer of his 274,106 BSC shares." (First Am. Compl. ¶¶ 23-24) (emphasis in original).

fail to satisfy the particularity requirement of Fed. R. Civ. P. 9(b), and the allegedly fraudulent statements are in the nature of opinion or puffery, or are forward-looking. Plaintiff's claim for fraudulent misrepresentation, to the extent it is related to buying or selling stock, is therefore dismissed without prejudice, consistent with this ruling.[5]

The Court notes, however, that if Plaintiff chooses to file a new complaint, many barriers in the analysis of his fraudulent representation claim remain. He must meet the high threshold necessary for pleading claims of fraud. He must identify, with particularity, the allegedly fraudulent representations and clearly allege how his actions in purchasing stock were related to such representations. As noted in the Order, forward-looking statements, puffery and opinion are not actionable for purposes of fraudulent representation claims. Plaintiff must tie Defendants' specific statements to Plaintiff's specific actions in reliance thereon, focusing not so much on the quantity of purchases, but on the nature of the alleged actions. Given the stringent requirements for pleading fraud, it is doubtful that the representations Plaintiff claims led him to purchase stock, in this context, constitute actionable misrepresentations. Nonetheless, upon a close review, the Court concludes that the First Amended Complaint contained sufficient allegations regarding stock purchases, albeit limited, to grant Plaintiff part of the relief sought in the instant request.

However, based on the facts pled in the First Amended Complaint, the Court has

---

[5] Plaintiff's causes of action for negligence/breach of fiduciary duty, breach of unilateral contract and fraudulent representation leading to the holding of stock remain dismissed with prejudice.

serious reservations about whether Plaintiff has sufficient facts to plead an actionable fraudulent representation claim based on the purchase of securities. Under <u>Ashcroft v. Iqbal</u>, __ U.S. __ (2009); 129 S.Ct. 1937, 1949 (2009), a complaint must contain enough facts to state a claim for relief "that is plausible on its face." (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Any such complaint must therefore allege sufficient facts, as opposed to mere conclusions, to state a plausible claim for relief based on the purchase of securities, consistent with this Order.[6]

---

[6] The Court notes that Plaintiff may wish to obtain legal counsel prior to propounding detailed allegations that he purchased stock based on information conveyed to him due to his unique status as an investor.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Request for Relief from Judgment [Doc. No. 55] is **DENIED IN PART**, and **GRANTED IN PART**, consistent with this Order; and

2. Judgment **SHALL BE AMENDED** as of the date of entry of this Order to reflect that this action is **DISMISSED WITH PREJUDICE** as to Plaintiff's claims for breach of fiduciary duty, breach of unilateral contract, and fraudulent representation based on the retention, or holding, of securities; and this action is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's claims for fraudulent representation based on the purchase of securities.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 29, 2011
s/Susan Richard Nelson
Susan Richard Nelson
United States District Judge